JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHASSAN ABDELLATIF, individually, and as a representative of other aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>MOLINA HEALTHCARE, INC., a Corporation; and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09145-WLH-JPR<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [44]** |

The Court has reviewed Plaintiffs' unopposed Motion in Support of Final Approval of Class Action and PAGA Settlement ("Motion", Docket No. 44; *see also* Docket No. 46). On December 19, 2025, the Court held a hearing and heard oral argument from all parties. It is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.     The Court approves the Settlement memorialized in the Class Action and PAGA Settlement Agreement and Class Notice.

2.     The Court certifies the following Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rule of Civil Procedure:

"All non-exempt California employees of Defendant during the Class Period (the "non-exempt class"), as well as (b) all exempt California employees of Defendant during the Class Period as to the expense reimbursement claim only (the "exempt class").

3.      The Court finds, solely for purposes of the Settlement, that:  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.  The Court further finds that the Settlement falls within the range of reasonableness.  All capitalized terms used in this Order shall have the same defined meanings as set forth in the Joint Stipulation of Class Action Settlement and Release, unless stated otherwise.

4.      The Court appoints Brent S. Buchsbaum of the Law Offices of Buchsbaum & Haag, LLP, as Class Counsel and awards $504,000.00 to the Law Offices of Buchsbaum & Haag, LLP, in attorney's fees, which is twenty-eight percent of the common fund, plus $17,372.32 in expenses associated with the Action.

5.      The Court appoints Ghassan Abdellatif as Class Representative and approves his enhancement award of $10,000 for his efforts as the representative of the class and PAGA action.

6.      The Court approves Apex Class Action Administration as the Claims Administrator and awards $27,250 for administration expenses.

7.      The Court approves the LWDA Payment of $45,000.

//

//

//

2

8.     This Document shall constitute a Judgment and shall be posted on the claims administrator's website for 180 days.

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE